UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| HONG WU,<br><br>                    Plaintiff,<br><br>        v.<br><br>SHOPIFY (USA) INC.,<br><br>                    Defendant. | Case No. 25-cv-05960-RFL (LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 47 |

The plaintiff is suing Shopify (USA) Inc. for retaliation and wrongful termination.[1] Shopify seeks the plaintiff's tax returns from 2024 to the present, and the parties dispute whether tax privilege applies. The court can decide the dispute without oral argument. Civil L.R. 7-1(b). The court orders the discovery.

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information

---

[1] First Am. Compl. – ECF No. 34. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 25-cv-05960-RFL (LB)

United States District Court
Northern District of California

within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b). "Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up and quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). Moreover, "the test for relevance is not overly exacting: evidence is relevant if it has 'any tendency to make . . . more or less probable . . . [a] fact [that] is of consequence in determining the action.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2018 WL 340640, at *1 (N.D. Cal. Jan. 9, 2018) (quoting Fed. R. Evid. 401).

The party moving to compel discovery "has the initial burden of establishing that the information sought is relevant to any party's claim or defense and proportional to the needs of the case." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (cleaned up). The party resisting discovery bears the burden of showing that the discovery should not be allowed and of supporting its objections with competent evidence. *Lofton v. Verizon Wireless LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015). Under Rule 26(b)(2)(C), the court must limit discovery that is "unreasonably cumulative or duplicative," obtainable from a less burdensome source, or where the burden "outweighs its likely benefit."

In diversity actions, questions of privilege are controlled by state law. *See Lawson v. Grubhub, Inc.*, No. 15-cv-05128-JSC, 2017 WL 1684964, at *1 (N.D. Cal. May 3, 2017) (citing *In re Cal. Pub. Utils. Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989) and collecting cases, including those applying state law to the tax-privilege question); Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."). "Under California law, a privilege protects forced disclosure of income tax returns." *Lawson*, 2017 WL 1684964, at *1 (citing *Webb v. Standard Oil Co.*, 49 Cal. 2d 509, 513 (1957)). The tax privilege may be overcome if (1) it is waived; (2) the "gravamen of the lawsuit" is inconsistent with the privilege; or (3) if "a public policy greater than that of confidentiality of tax returns is involved." *Id.* (quoting *Schnabel v. Super. Ct.*, 5 Cal. 4th 704, 721 (1993)).

Shopify contends that (1) the plaintiff waived privilege by objecting after the thirty-day deadline and by producing his W-2s (which are also protected by the tax privilege), (2) the

ORDER – No. 25-cv-05960-RFL (LB)                    2

plaintiff's seeking lost income is inconsistent with asserting the tax privilege, (3) W-2s are not an adequate replacement for tax returns, and (4) the plaintiff's privacy concerns are addressed by the protective order.[2] The plaintiff responds that (1) he cured his untimely response by promptly providing supplemental responses and objections, (2) the gravamen of his complaint is Shopify's wrongful conduct, not his tax returns, (3) his W-2s are a less intrusive source of the information that Shopify seeks, and (4) the discovery is disproportionate.[3]

Shopify has met its burden of overcoming the tax privilege because the plaintiff's seeking lost income is inconsistent with asserting the tax privilege. Shopify supports its argument by citing cases where courts determined that the tax privilege did not apply where the plaintiff sought lost income. *See Young v. United States*, 149 F.R.D. 199, 205 (S.D. Cal. 1993) ("The government must be entitled to obtain discovery regarding Ms. Young's income as reported to the Internal Revenue Service in order to evaluate and defend against her claim for lost wages."); *Small v. Travelers Prop. Cas. Co.*, No. 08cv1160-BTM (WMc), 2010 WL 2523649, at *2 (S.D. Cal. June 21, 2010) (tax privilege inconsistent with the gravamen of the plaintiff's damages claim for lost income and profits from destroyed avocado trees); *Salazar v. Basic*, No. CV 05-283-TUC-FRZ, 2006 WL 3802094, at *3 (D. Ariz. Dec. 22, 2006) (tax privilege was "inconsistent with the gravamen of [the plaintiffs'] claim for damages based on loss of earnings and future earnings").

The plaintiff asserts that his tax returns are not the gravamen of his complaint but does not meaningfully distinguish Shopify's cited cases.[4] The plaintiff responds that *Young* is inapplicable because the court determined that the plaintiff's voluntarily producing tax returns for two years waived privilege for other returns. 149 F.R.D. at 205. But this argument ignores that the court had already determined that "the plaintiff's tax returns . . . are not privileged and are discoverable" before discussing waiver. *Id.*

---

[2] Disc. Letter Br. – ECF No. 47 at 2–4.

[3] *Id.* at 4–6.

[4] *Id.* at 5.

United States District Court
Northern District of California

The plaintiff contends that he should not be required to produce his tax returns where there is a less intrusive source of relevant information. *See Farber & Partners., Inc. v. Garber*, 234 F.R.D. 186, 191 (2006). But he does not address Shopify's assertion that it is "entitled to a complete financial picture to assess the degree to which his apparent financial stress was related to termination from Shopify and to otherwise test the credibility and veracity of Plaintiff's damages claims and assess mitigation."[5] The plaintiff also does not explain why designating his tax records as "attorneys' eyes only" under the protective order would not protect his privacy interests.[6]

In the absence of privilege, the court orders the discovery. The tax records are relevant, and the only burden that the plaintiff asserts is to his privacy interests, which are mitigated by the protective order.

**IT IS SO ORDERED.**

Dated: June 21, 2026

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

---

[5] *Id.* at 3.

[6] *Id.* at 4, 6.

ORDER – No. 25-cv-05960-RFL (LB)                4